UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK A. LAPIERRE,

        Plaintiff,

  v.              9:15-CV-1499
                   (MAD/DJS)

E. LAVALLEY, et al.,

         Defendants.
_____

APPEARANCES:        OF COUNSEL:

MARK A. LAPIERRE
15-A-1283
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN   RYAN W. HICKEY, ESQ.
New York State Attorney General   Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

  Plaintiff Mark A. LaPierre commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Clinton Correctional Facility ("Clinton C.F."). Dkt. No. 1 ("Compl."). Plaintiff also requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application"). By Decision and Order filed on February 2, 2016, plaintiff's IFP Application was granted, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)

and 28 U.S.C. § 1915A, this Court dismissed several claims and defendants from this action, and found that the following claims survived sua sponte review and required a response: (1) the Eighth Amendment excessive force claims against defendants Guynup and Delisle; (2) the Eighth Amendment failure-to-intervene claim against defendant La Valley; and (3) the Eighth Amendment medical indifference claims against defendants LaValley and Vadlamudi. Dkt. No. 6 (the "February 2016 Order"). Presently before the Court is plaintiff's motion requesting preliminary injunctive relief. Dkt. No. 28. Defendants oppose the motion. Dkt. No. 30.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*,

2

60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).[1]

Plaintiff alleges that he "has recently been approved for an unwanted transfer to a facility in the Clinton Hub area." Dkt. No. 28 at 5. Plaintiff fears that he "is in genuine fear for his life and safety" if he is transferred to the Clinton Hub because this action is brought against staff at Clinton C.F., which is located in that Hub.[2] *Id.* at 5. Plaintiff alleges that "[t]he correctional officers from the Clinton County Area are from very small-knit communities such as Malone and Plattsburgh, New York. In many cases, they are related, oftentimes with

---

[1] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[2] *See* http://www.doccs.ny.gov/facilitymapcolor.pdf (indicating that the following facilities are located in the Clinton Hub: Clinton Correctional Facility, Upstate Correctional Facility, Bare Hill Correctional Facility, Franklin Correctional Facility, Chateaugay Correctional Facility, Adirondack Correctional Facility, and Altona Correctional Facility).

3

members from whole families working in the few facilities which are located in the Clinton Hub. As such, the Plaintiff's eventual transfer . . . put[s] him at great risk and significantly raises the possibility of further retaliation." *Id.* at 6. In support of his request, plaintiff attaches a letter detailing an incident that occurred at Coxsackie Correctional Facility on July 20, 2016. Dkt. No. 28 at 10-12. Plaintiff claims that he was called into a Sergeant's office, connected to the correctional officers' day room, to review the case file from the New York State Department of Corrections and Community Supervision Office of Special Investigations ("OSI") that he had requested through discovery for this action. *Id.* Plaintiff alleges that he felt threatened and intimidated by staff at that facility and the two OSI agents. *Id.* Plaintiff seeks a court order "in the form of a general statement stating that retaliation of any kind by any Corrections Officer against this Plaintiff will not be tolerated and may result in both Civil and Criminal penalties."[3] Dkt. No. 28 at 8.

In opposition to the motion, defendants urge its denial, asserting that (1) plaintiff does not satisfy the standards for obtaining preliminary injunctive relief; (2) the claims in the motions are not sufficiently related to the allegations in the underlying complaint; (3) plaintiff's request amounts to an "obey the law" injunction, which is disfavored by the courts; and (4) plaintiff may not obtain preliminary injunctive relief against non-parties. Dkt. No. 30 at 1-2.

Upon review, plaintiff has not demonstrated that he is likely to suffer imminent irreparable harm if the requested relief is not granted. While mistreatment of any kind is not condoned, plaintiff's allegations are generally conclusory in nature and do not plausibly

---

[3] Plaintiff indicates that he wishes to serve that order when he serves his interrogatories. Dkt. No. 28 at 8. Plaintiff also mentions some issues relating to discovery, but does not seek relief regarding discovery in this motion for preliminary injunctive relief. Plaintiff should raise any issues he may have with discovery in a properly filed motion to compel discovery after he has made efforts to resolve any discovery disputes with opposing counsel.

4

suggest that plaintiff will suffer irreparable harm if the requested relief is not granted. Plaintiff's fear that staff at correctional facilities in the Clinton Hub might physically harm or otherwise mistreat him is purely speculative and, therefore, patently insufficient to make the showing required for the issuance of preliminary injunctive relief. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (allegations of future injury without more do not establish a real threat of injury).

In addition, plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims or the existence of sufficiently serious questions going to the merits of the claims and a balance of hardships tipping decidedly toward him. *See Otoe-Missouria Tribe of Indians*, 769 F.3d at 110 . Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."); *Moore*, 409 F.3d at 510 (preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Additionally, plaintiff has now been transferred to Bare Hill Correctional Facility ("Bare Hill C.F."). Dkt. No. 29. To the extent that plaintiff seeks injunctive relief against correctional officers at Bare Hill C.F. – who are not defendants in this action – injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed.R.Civ.P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In*

*re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Plaintiff may also not seek injunctive relief against the defendants who are all identified as employees of Clinton C.F. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Finally, it is noted that the relief requested by plaintiff amounts to little more than an "obey the law" injunction. "Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at \*7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). According to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'" *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

Based upon the foregoing, plaintiff's motion for preliminary injunctive relief (Dkt. No. 28) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

Dated: August 23, 2016
       Albany, NY

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge