UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────

MARK A. LAPIERRE,

                          Plaintiff,

          v.                                              9:15-CV-1499
                                                         (MAD/DJS)

E. LAVALLEY, et al.,

                          Defendants.

─────────────────────────────

APPEARANCES:                          OF COUNSEL:

MARK A. LAPIERRE
15-A-1283
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN            RYAN W. HICKEY, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

Plaintiff Mark A. LaPierre commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated plaintiff's constitutional rights.  Dkt. No. 1 ("Compl.").

Plaintiff has filed a motion containing multiple requests, as follows:  (1) a hearing to determine if "evidence has been intentionally destroyed, withheld, lost or redacted without cause", which the Court liberally construes as a motion to compel discovery; (2) a temporary restraining order directing defendants' employer, to preserve and turn over relevant evidence;

and (3) leave to amend and/or supplement his complaint.  Dkt. No. 45.  United States

Magistrate Judge Daniel J. Stewart has partially addressed, and will in the near future finish

addressing plaintiff's first and third requests, namely plaintiff's request to compel discovery

and to amend and/or supplement his complaint.  *See* Text Minute Entry dated April 27, 2017;

*see also* Dkt. No. 50.  Therefore, the only request presently before this Court is the second

request, namely the request for a temporary restraining order.

 "In general, district courts may grant a preliminary injunction where a plaintiff

demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a

likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of

its claims to make them fair ground for litigation, plus a balance of the hardships tipping

decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State*

*Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589

F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving

party seeks a "mandatory injunction that alters the status quo by commanding a positive act,"

the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35

n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction

"should issue only upon a clear showing that the moving party is entitled to the relief

requested, or where extreme or very serious damage will result from a denial of preliminary

relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal

quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*,

60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a

"clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The

same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

As noted above, plaintiff requests a temporary restraining order directing "Defendant's employer to preserve and turn over" certain documents. Dkt. No. 45 at 1. Specifically, plaintiff states that he requests a temporary restraining order "ultimately leading to a Preliminary Injunction and 'in camera' review of specific documents and e-documents." *Id.* at 4. Defendants oppose plaintiff's request for a temporary restraining order arguing, among other things, that plaintiff's request "is equivalent to a motion to compel [discovery]." Dkt. No. 48 at 4.

Plaintiff's request for a temporary restraining order is in essence a motion to compel discovery. Apart from not being properly raised in a motion seeking a temporary restraining order, plaintiff's discovery-related requests have already been addressed in part by Magistrate Judge Stewart, and the remaining discovery issues are pending his review. *See* Dkt. Nos. 38, 50; *see also* Text Minute Entries dated December 20, 2016, and April 27, 2017. The Court will not permit plaintiff to make an end run around the rules of discovery, or Magistrate Judge Stewart's decisions regarding discovery, by framing what is essentially a request to compel discovery as a motion for a temporary restraining order. Thus, to the extent that plaintiff's motion seeks a temporary restraining order, that part of the motion is denied. This Court takes no position on the remaining portions of plaintiff's motion - namely his requests to compel discovery or to amend/supplement his complaint - as Magistrate Judge Stewart has addressed those requests in part, and plans to address the remainder of

3

the discovery issues at a later date, after plaintiff submits a motion to amend, and a decision is rendered on that motion. *See* Dkt. Nos. 38, 50.

Despite denying plaintiff's motion for a temporary restraining order, the Court notes that "anyone who . . . is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary. 'While a litigant is under no duty to keep or retain every document in its possession . . . it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.'" *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (citing *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 72 (S.D.N.Y. 1991) (quoting *William T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984))).

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a temporary restraining order (Dkt. No. 45) is **DENIED**;[1] and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

Dated: May 18, 2017
       Albany, NY

Mae A. D'Agostino
U.S. District Judge

---

[1] As noted in Magistrate Judge Stewart's Text Order dated April 28, 2017, plaintiff has been granted permission to file a motion to amend, and "after a decision is issued with regard to the motion to amend," Magistrate Judge Stewart plans to "hold a conference to set new deadlines and to resolve any discovery disputes that are still outstanding." *See* Dkt. No. 50.

4